IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CÁNDIDA CABRERA, et al,

    Plaintiffs,

    v.

ROMANO'S MACARONI GRILL
PUERTO RICO, INC., et al.,

    Defendants.

CIVIL NO.: 22-1449 (MEL)

**ORDER**

**I.   PROCEDURAL BACKGROUND**

On July 22, 2024, codefendants International Restaurant Services, Inc. and American International Insurance Company of Puerto Rico ("Defendants") filed a motion for summary judgment. ECF No. 72. On August 28, 2024, Defendants filed a motion in limine to exclude expert testimony. ECF No. 86. Plaintiffs Cándida Cabrera Escobar ("Mrs. Cabrera") and her husband Osvaldo Cabrera ("Plaintiffs") filed opposition briefs to both motions. ECF Nos. 87, 89. On November 27, 2024, the Court granted Defendants' motion in limine and granted in part and denied in part Defendants' motion for summary judgment. ECF No. 110.

On December 26, 2024, Defendants filed a motion requesting reconsideration of said Opinion and Order denying in part the motion for summary judgment. ECF No. 114. For the reasons that follow, Defendants' motion for reconsideration is DENIED.

**II.   LEGAL STANDARD**

Pursuant to Rule 59(e), a district court will only alter its original order if it is "evidenced by a manifest error of law, if there is newly discovered evidence, or in certain other narrow

situations." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014). A motion for reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment." *Iverson v. City of Bos.*, 452 F.3d 94, 104 (1st Cir. 2006) (citation omitted). However, the reviewing court has considerable discretion in deciding a motion for reconsideration. *Venegas-Hernández v. Sonolux Records*, 370 F.3d 183, 190 (1st Cir. 2004). "As a general rule, motions for reconsideration should only be exceptionally granted." *Villanueva-Méndez v. Nieves-Vázquez*, 360 F.Supp.2d 320, 323 (D.P.R. 2005).

### III. ANALYSIS

In Defendants' motion for reconsideration, Defendants argue that "the failure to warn as to collateral conditions, such as the step/platform or change in elevation, which are not causally related to the accident in question as a factual and legal matter, constitutes a misapplication of the legal precepts which govern premises liability cases." ECF No. 114 at 5. First, Defendants argue that Plaintiffs did not prove the existence of a dangerous condition, and second, that "[e]ven if the Court were to find that a dangerous condition existed, the record is devoid of any evidence that Defendants had the requisite actual or constructive knowledge of such condition." *Id.* at 4. Neither argument warrants reconsideration for the following reasons.

In support of their first argument, Defendants highlight that "the step or platform on which the booth was placed, was not the cause of Mrs. Cabrera's fall," but instead the fall occurred when Mrs. Cabrera's foot got tangled in the table's base. *Id.* at 2. As a result, Defendants argue that "the absence of an angler, warning strips and/or that a warning is required as to the change in elevation for persons entering or existing the booth [] is immaterial to the issue of causation" because "the case evidence establishes that the mechanics of the fall unfolded while Cabrera was sliding along

the booth prior to existing the same, and that the platform and floor level were where she fell, but not why she fell." ECF No. 114 at 3 (emphasis omitted). In other words, Defendants definitively conclude that if the table base initiated Mrs. Cabrera's fall, then the fall would have occurred irrespective of whether the booth's platform was elevated or not. However, we do not know whether the fall was inevitable with or without a step.

It is uncontroverted that the step was not what initiated Mrs. Cabrera's fall; instead, the fall was initiated when Mrs. Cabrera's right foot got tangled in part of the table's base. ECF No. 71 at 2, ¶ 9, at 3, ¶ 10, ¶14, ¶15; ECF No. 87-1 at 2, ¶ 3; ECF No. 87-1 at 8-10, ¶¶ 13-14, ¶ 24; ECF No. 91-1 at 17, ¶ 24; ECF No. 87-2. Even if the leg was what initiated the process, however, it is unclear what would have happened had there not been a step or had there been a visual warning as to the step. It is for the jury to decide whether Mrs. Cabrera would have fallen anyways absent a step due to being unable to maintain her footing after getting caught in the table's base, or whether the step was what made her lose her balance. Similarly, it is for the fact finder to decide whether a visual warning as to the step would have caused Mrs. Cabrera to act differently by, for example, putting her foot in a different place or balancing herself on the table. In other words, someone can trip with a table's leg, and yet still regain their footing, thus avoiding a fall, or trip and then fall because a step that was not visually easily noticeable made it difficult or impossible for that person to avoid the fall. Not all trips result in falls. It is true that Mrs. Cabrera was aware of the step on her way into the booth; however, it is a fact in controversy whether a warning would have reminded her on her way out and caused her to act differently.

In support of their second argument, Defendants argue that there is no evidence that Defendants had actual or constructive knowledge of the allegedly dangerous condition. ECF No.

114 at 4. However, as previously explained by the Court, the fact that the angler was included in the design plan could lead a reasonable jury to find that some kind of warning was necessary:

> … Plaintiffs will be allowed to introduce at trial the fact that there was an angler on the edge of the platform in the original design, not to show that an angler was required by law or any standard, but to show that it was foreseeable to Romano's Macaroni Grill that there was a need to have a warning of some kind to patrons getting in and out of the booth due to the change of elevation on the floor.

ECF No. 110 at 39. Both the existence of a dangerous condition and whether Defendants had knowledge of it are questions that should be left to the jury and not the Court on summary judgment. *Marshall v. Pérez-Arzuaga*, 828 F.2d 845, 849 (1st Cir. 1987) ("Not only ordinary fact questions, but also evaluative applications of legal standards (such as the concept of legal foreseeability) to the facts are properly jury questions. In any case where there might be reasonable difference of opinion as to evaluative determinations ... the question is one for the jury.") (citing *Jiménez v. Pelegrina*, 112 P.R. Dec. 881, 885 (1982); *Pabon Escabí v. Axtmayer*, 90 D.P.R. 20, 25 (1964)).

Accordingly, Defendants' motion for reconsideration (ECF No. 114) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of January, 2025.

s/Marcos E. López<br>U.S. Magistrate Judge